Good morning, may it please the court, Rebecca Pennell, representing Mr. Ramos-Tadeo. On July 23rd, Mr. Ramos-Tadeo appeared before Senior Judge Quackenbush for a change of plea hearing. At the end of that hearing, Judge Quackenbush said, I'll accept the plea of guilty and enter an order. Later that same day, Judge Quackenbush issued an order saying that it was entitled Order Accepting Guilty Plea and it said, without condition, defendant's plea of guilty is accepted. The only issue in this case is whether Judge Quackenbush accepted Mr. Ramos-Tadeo's plea. There are numerous cases that I've cited in the briefing where defendants have come forward and tried to say, my plea wasn't accepted, I should have been able to withdraw it. And under lesser records, they were unsuccessful. In this case, in fact, didn't Judge Quackenbush tell the defendant that he would not be able to withdraw his plea if the later judge, whose name escapes me now. Judge Van Sickle. That's it. Every judge in the district was involved in this case. If Judge Van Sickle decided that he was to get 20 years, that's that. That's right. And that's the implicit. There's both explicit statements, I'm accepting your plea, the plea is accepted, written order, and orally stated, but then there's the implicit. And I would say in the Embank case of Ellis that this court issued, there was only implicit proof that a plea had been accepted. And Judge Wardlaw wrote that there can be no doubt that the plea in this case was accepted. Judge, I think it was Trott, issued a concurring opinion, concurring in result that said, I don't think the plea was accepted. He was the only judge in the Embank that said, I don't think the plea was accepted, and he focused on the fact that no magic words were used. But the rest of the court unanimously, even though those words weren't used, there was a full Rule 11 colloquy and a pre-sentence report was ordered, and the court said the plea was accepted. What struck me here is that once the defendant, once there was a statement that the defendant would refuse to admit the date of the prior removal, it seems as though what Judge Quackenbush should have done is, we're not accepting your plea under these circumstances. And how you decide. Probably what Judge Van Sickle wished he'd done. I do think that sometimes what we want to have happened influences the way we see things. But certainly myself, looking at this record, there's one sentence early in the proceedings where Judge Quackenbush says, well, I'm not going to accept the plea. But then after a colloquy, he says, well, okay, this is going to be a final plea that you can't withdraw. That indicates to me it changes circumstances. And then from that moment on, there is unequivocal statements that the plea is accepted. In fact, when Mr. Eckstrom was in the hearing himself, he and himself during that hearing indicated his understanding that the plea had been accepted. At the end of the hearing, he said, I think I need to make an objection to the accepting of the plea without a mention of the deportation date. If Judge Quackenbush had thought he wasn't accepting the plea, one would think that he would say, well, I'm not accepting the plea. This is only provisional. But instead, he just said, okay, you've made your objection. It wasn't until later when we were at sentencing that the government said, oh, the plea was never accepted. And this Court's case law is just very clear that that can't be done. Numerous defendants have tried to do that unsuccessfully. So I think that that record is clear that jeopardy attached and the motion to dismiss should have been granted. Okay. Do you want to save the balance of your time for rebuttal? I will. Please, the Court again. Alexander Eckstrom on behalf of the appellee, United States of America. The government agrees that the issue is whether on the 23rd of July of 2010, Senior Judge Quackenbush accepted fully, or as three of his fellow district court judges ruled, that he conditionally accepted the defendant's guilty plea. In this case, the government. If he conditionally accepted the plea, and I think counsel hit the nail on the head when she spoke earlier, why was there an objection? Why would you have objected? Why would the government have objected at the end of the hearing when he said he accepted the plea if all he did was conditionally accept? Because that's what you expected him to do, correct? It is. The government did that because while I was not counsel in the 2007 matter, that was what Judge Van Sickle had instructed the government to do should the issue come up again. And in the earlier record, which was part of this record from ER 3 through 25, Judge Van Sickle said if a defendant attempts to do this again, the government should object, which we did. We indicated that we believed it was factually insufficient that the matter should proceed to trial. Well, that's objecting to what the defendant might attempt to do. But here it was the court accepting the plea, and you objected to the court's acceptance of the plea at the end of the colloquy. We did. And the government concedes that there's conflicting information in the record. Judge Van Sickle begins by indicating we're simply not going to take the plea without the submission, and he indicates an intent of what he is going to do during the plea. He indicates that he's going to have a record created, and he's going to have Judge Van Sickle make that determination.  I'm going to ask you a question about the plea or accept the plea without condition. Are there any cases where there's conflicting statements like this and it's determined that it was a conditional plea and not an actual acceptance of the plea? No cases in which either party was able to find and provide to this court. The cases that we've heard. And, in fact, most of the cases say if there is an acceptance of the plea, I think is that Tyerman that says a court's proper completion of the Rule 11 colloquy and express statement that it accepts defendant's plea strongly support the conclusion that it unconditionally accepted defendant's plea. Here we have a number of statements by Judge Quackenbush that it accepted the defendant's plea, including a written order indicating such. Indeed. There's not only the written order, but there's also the scheduling order, which says precisely the same thing. The government's position is that it's the alpha and the omega of what Judge Quackenbush did that should convince this court that the plea was conditional. His initial comments that he was not going to make a factual finding, and then his final order regarding briefing, where as opposed to as the defense has argued that it's simply the matter of the statutory maximum, Judge Quackenbush indicates a briefing schedule for not only the statutory maximum, but also the withholding of the factual information. To have done that and to have prepared the plea would, yes. Go ahead. No, finish your comment. It would have made no sense if it was the intent of Judge Quackenbush to simply cut off the factual record and accept. So he was going to plead straight up, correct? The defendant was attempting to plead straight up, but not admit the deportation date. Right. So he's trying to plead straight up. There was no plea agreement. There was no plea agreement. In that instance, how can you have a conditional plea? As opposed to. I mean, this wasn't one where they had negotiated the terms of the sentence and, you know, we're going to recommend this, we're going to do that, and, you know. That wasn't the situation. You know, it was not a Rule 11C1. It was just a straight up plea. It was a straight up plea. And he didn't want to admit. It turns out the lawyer didn't want to admit the removal date because the complaint did not allege the date of the prior conviction. The Salazar-Lopez issue. Right. That was all sort of percolating around. Right. In this case, you know, the defendant knew well what he was doing. Sure. Well, the lawyer knew well what he was doing because he knew the significance of the fact that the prior conviction wasn't in there. Certainly. Right. And, again, the government's argument is looking at not only the beginning and the end, but also the statement in the middle of the colloquy where he indicates a briefing schedule regarding collateral estoppel, that looking at the record as a whole, and the government agrees that there's no case cited by either party that deals with this particular fact pattern, the government believes that looking at it as a whole, the intent was not to make a finding of factual sufficiency. The Ninth Circuit cases, the Eighth Circuit, and the Seventh Circuit cases that are cited. Then he should have rejected the plea. I mean, he should have said, go to trial if you don't want to admit the facts. And he did, in fact, say that at one point. We're going to trial. And I'm not accepting your plea because you're not admitting everything that's alleged in the complaint. Right. And at one point during the colloquy, he said precisely that. But we know that that particular allegation is not an essential element of the basic charge. We do know that. However, in this instance. He could plead to what was, you know, he could plead without, technically he could plead without admitting it. Technically. The government well knows now that if they're going to press for an enhanced sentence under the guidelines, they've got to have those facts admitted or we're going to go to trial. One or the other. And the government said precisely that. And I don't have anything further to present unless the Court has questions of me. No, I don't have anything. Okay. Thank you. Unless the Court has questions, I'll stand on the briefs. Thank you. Thank you. Okay. Thank you. United States v. Ramos-Tadeo is submitted on the briefs. Thank you, counsel, for your argument. We appreciate it. The next case on the calendar was United States v. Leith, but that's already been submitted on the record and briefs. And our next case for oral argument is Wendell v. Traveler's Casualty and Insurance Company.
judges: Tucker, Paez, Murguia